UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01498-FWS-DFM Date: July 14, 2026
Title: Girette Mena v. Bristol Industries, LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

Rolls Royce Paschal
Deputy Clerk

N/A
Court Reporter

Attorneys Present for Plaintiff:
Not Present

Attorneys Present for DefendantS:
Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT**

## I. Introduction and Background

Plaintiff Girette Mena brought this case against Defendants Bristol Industries, LLC ("Bristol") and Sen Pham ("Pham") in Orange County Superior Court. (*See* Dkt. Dkt. 1-1 (Complaint).) Plaintiff asserts various discrimination, retaliation, harassment, and wage-and-hour claims against Bristol, and Pham is named as a defendant in Plaintiff's claims for harassment and hostile work environment in violation of California's Fair Employment and Housing Act ("FEHA"); failure to provide compliant meal periods under California Labor Code Sections 512 and 226.7; and failure to timely pay wages when due under Labor Code Section 204. (*Id.* ¶¶ 27-109.)

Bristol removed the case to this court on the basis of diversity jurisdiction, arguing that Pham—a California citizen like Plaintiff—"is a fraudulently joined defendant." (Dkt. 1 (Notice of Removal, "NOR") ¶¶ 5, 13-21.) More specifically, Bristol maintains "Pham cannot possibly be individually liable for wage and hour violations under California Labor Code section 558.1 because Pham is not an 'owner, director, officer, or managing agent' as a matter of law." (*Id.* ¶ 18.) Bristol further contends that "Plaintiff's harassment claim against Pham is similarly defective and fails as a matter of law" because:

> there is no allegation of verbal or physical conduct by Pham related to Plaintiff's race or national origin. Plaintiff has not alleged a single negative, offensive, or inappropriate race- or national origin-related comment by Pham. Rather, Plaintiff alleges that after he complained about a safety issue, Pham: (1) spoke negatively about Plaintiff making errors, acting without authority, and not helping; and (2) failed to notify Plaintiff of a team meeting but told Plaintiff's peers about the meeting. There is no allegation or insinuation that this conduct was tied to Plaintiff's race or national origin. Even if Plaintiff had attempted to make this connection, which he did not, the allegations about Pham are simply personnel actions that the California Supreme Court has held cannot support a claim of harassment . . .

(*Id.* ¶ 21.)

The court issued an Order to Show Cause why this case should not be remanded to state court. (Dkt. 15 ("OSC").) Bristol filed a response reasserting and expanding on the fraudulent-joinder arguments made in the Notice of Removal. (Dkt. 16 ("Resp.").) Plaintiff filed a reply arguing "remand is required" because "the existing docket shows at least a possibility that Plaintiff states or could state a claim against Pham." (Dkt. 17 ("Reply").) The matter is now under submission. (*See* Dkt. 15 at 3.) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the record, as applied to the relevant law, the court **REMANDS** this case to Orange County Superior Court.

## II. Legal Standard

A defendant may remove a civil action filed in state court to a federal district court only if the federal court would have had original jurisdiction over it. 28 U.S.C. § 1441. Federal courts

have diversity jurisdiction over cases between completely diverse parties that involve an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.,* 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."). "The court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012).

When there is a sufficient showing of fraudulent joinder, a court will not consider the citizenship of the fraudulently-joined party in determining whether there is complete diversity. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). However, "a defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." *Id*. (internal quotations omitted). A defendant can establish fraudulent joinder by showing that the defendant who purportedly destroys complete diversity "cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). This is an exacting standard—"if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).

## III. Discussion

As stated, Bristol argues Pham is fraudulently joined (A) on the Labor Code claims because he "cannot possibly be considered an officer, director, or managing agent," and (B) on the harassment claim because "the allegations in the Complaint cannot give rise to a valid harassment claim against Pham on any theory." (Resp. at 2-8 (heading).) Plaintiff responds that Bristol makes an insufficient showing "that Pham 'cannot be liable on any theory.'" (Reply at 2 (quoting OSC at 3).) The court agrees with Plaintiff.

### A. Labor Code Claims

The California Labor Code provides that "[a]ny employer or other person acting on behalf of an employer" may be held liable for Labor Code violations. Cal. Labor Code § 558.1(a). Section 558.1 further defines "other person acting on behalf of an employer" to mean someone who "is an owner, director, officer, or managing agent of the employer." *Id.* § 558.1(b).

The court finds Bristol has not met its heavy burden of demonstrating by clear and convincing evidence that Pham was fraudulently joined. To carry that burden, Bristol "must prove that there is absolutely no possibility that the Plaintiff will be able to establish a cause of action against" Pham. *Gralnik v. DXC Tech., Inc.*, 2021 WL 5203333, at *4 (C.D. Cal. Nov. 8, 2021). Bristol states that it has done so through Pham's declaration indicating that "Pham, an hourly production worker, is not an owner of Bristol Industries, an aerospace manufacturing company affiliated with one of the largest aerospace businesses in the world." (Resp. at 3 (citing Dkt. 5 (Pham Declaration)).)

The court finds the conclusory statements in Pham's declaration and Bristol's Response are insufficient to carry Bristol's "heavy burden" to "prove that there is absolutely no possibility that the Plaintiff will be able to establish a cause of action against" Pham. *Gralnik*, 2021 WL 5203333, at *4. Indeed, courts regularly reject such declarations as insufficient to carry a defendant's burden to show fraudulent joinder in the Section 558.1 context. *See, e.g.*, *Gonzalez v. Sheraton Operating Corp.*, 2020 WL 7042817, at *1 (C.D. Cal. Dec. 1, 2020) (granting

motion to remand and finding insufficient fraudulent joinder showing in Section 558.1 context where, although the plaintiff provided "only a conclusory allegation that Carroll is an owner, director, officer, or managing agent of his corporate employer," the defendant "has provided only an equally conclusory declaration that Carroll is not, and has never been, an owner, director, officer, or managing agent of Sheraton"); *Gralnik*, 2021 WL 5203333, at *5 ("[T]he three declarations provided by Defendants do not establish that it would be impossible for Plaintiff to allege a cause of action against Finch. While the declarations submit that Finch was not personally involved in decisions regarding operations, compensation policy, or expense reimbursement, there is, for example, little information on how much authority Finch had in managing those responsible for the alleged wage and hour violations. The declarations also provide little information on other key events that could have helped 'cause' the alleged violations. . . . [I]t is not obvious to the Court that Finch could never be individually liable."); *Kendrick v. Mindlance Inc.*, 2024 WL 709188, at *5 (C.D. Cal. Feb. 21, 2024) ("Although Defendants submit a declaration from defendant Benjamin, in which she denies the allegations and maintains she does 'not exercise substantial independent authority and judgment in corporate decision making,' Benjamin Decl. ¶ 5, the question of an individual's status under Section 558.1 is a question of fact for decision on a case-by-case basis."); *Ramirez v. Quad Graphics, Inc.*, 2023 WL 3254979, at *10 (C.D. Cal. May 4, 2023) ("Defendants have filed declarations, demonstrably drafted by Defendants' Counsel, in which both Mr. Alvarez and Mr. Ortiz state, in virtually identical language, that they lack the kind of discretionary authority over corporate policy necessary to hold them liable under Section 558.1. The facts asserted in these declarations may very well be true, but since Defendants certainly have an interest in including declaration testimony that Individual Defendants are supervisors with little relevant authority while excluding any evidence to the contrary, the Court cannot take potentially self-serving submissions at face value. A state court would potentially find that the allegations in the Complaint are sufficient to state a claim for Labor Code violations against Mr. Alvarez and Mr. Ortiz in their capacities as 'managing agents,' deferring resolution of the scope of their managerial duties to a motion for summary judgment and after Plaintiff had an opportunity to conduct discovery. Even if not, a court would likely grant Plaintiff leave to amend. On the basis of managerial liability alone, it is possible that a California court could find that Individual Defendants are liable for Plaintiff's wage and hour claims.") (record citations omitted). Indeed, whether a party may properly be considered a "managing agent" depends on whether the party

"exercise[s] substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy," which is "a question of fact for decision on a case-by-case basis." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 566-67 (1999); *King v. U.S. Bank Nat'l Ass'n*, 53 Cal. App. 5th 675, 713 (2020), *as modified on denial of reh'g* (Aug. 24, 2020) (reiterating this and also explaining that "the determination of whether certain employees are managing agents does not necessarily hinge on their level in the corporate hierarchy," but "[r]ather, the critical inquiry is the degree of discretion the employees possess in making decisions.").

In summary, the court concludes that this is not a case "where a defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant." *Grancare*, 889 F.3d at 548 (describing the sort of fraudulent joinder rulings the Ninth Circuit has upheld); *Kendrick*, 2024 WL 709188, at *5 (making similar statement in Section 558.1 context and collecting cases). Rather, the court concludes this is the sort of case "where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Grancare*, 889 F.3d at 548-49 (describing the sort of fraudulent joinder rulings the Ninth Circuit has "declined to uphold").

To be sure, Bristol has presented some evidence that Pham was not an owner, director, officer, or managing agent of Bristol and therefore cannot be held liable for the alleged Labor Code violations. (Pham Declaration.) In the end, it may be that Pham is not liable for any such violations. But courts remand cases even when the potential liability against the purportedly-fraudulently-joined-defendant, "while possible, is actually quite unlikely." *Waterman v. Wells Fargo & Co.*, 2018 WL 287171, at *7 (C.D. Cal. Jan. 4, 2018). And the court finds that at this stage of the proceedings, Bristol has not shown by clear and convincing evidence that Plaintiff cannot possibly state a claim against Pham. *See Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."); *Gonzalez*, 2020 WL 7042817, at *2 ("While it is fairly clear that Plaintiff's current conclusory allegations would not survive a motion under Rule 12(b)(6), the Court cannot conclude on the record before it that it would be impossible for Plaintiff to rectify the deficiencies in an amended complaint. The determination of whether an individual is a

'managing agent' is a fact-intensive inquiry that does not rely on corporate labels. Carroll was the Executive Chef at the hotel where Plaintiff worked and was Plaintiff's supervisor. It is at least plausible that Carroll could have had the 'broad discretion ... to implement company policy in a discriminatory or otherwise culpable manner' that would make him a 'managing agent' for the purposes of California Labor Code § 558.1.") (record citations removed); *McBee v. Raytheon Techs. Inc.*, 2024 WL 182282, at *6 (C.D. Cal. Jan. 16, 2024) ("The propriety of remand based on fraudulent joinder depends solely on whether a claim against the purported sham defendant may be stated, not whether one has been or may be stated based on the present or future evidentiary record. . . For that reason, courts routinely grant motions to remand even where, as here, a plaintiff has not yet stated a viable claim against the purportedly fraudulently joined defendant and/or the present evidentiary record would not support liability as to the purportedly fraudulently joined defendant.") (cleaned up); *see also Waterman*, 2018 WL 287171, at *7 ("The present pre-discovery evidentiary record does not mean all that much, as the question is not whether Plaintiff has already *proven* that WFB and WFC are an 'integrated enterprise,' but whether it is *possible* for Plaintiff to state a claim against WFC under that theory.").

### B. Harassment

The court makes similar findings as to Plaintiff's harassment claim. Harassment in the workplace consists of "discriminatory intimidation, ridicule, and insult" that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 409 (1994) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)). Harassing conduct takes place "outside the scope of necessary job performance," and is "presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Reno v. Baird*, 18 Cal. 4th 640, 646 (1998). "[H]arassment focuses on situations in which the *social environment* of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 707 (2009). Personnel-related decisions involving discipline, performance evaluations, compensation, or job assignments do not inherently constitute unlawful harassment. *Reno*, 18 Cal. 4th at 646-47. But "some official employment actions

done in furtherance of a supervisor's managerial role can also have a secondary effect of communicating a hostile message. This occurs when the actions establish a widespread pattern of bias." *Roby*, 47 Cal. 4th at 709.

Plaintiff alleges that Pham "deliberately excluded Plaintiff from" a team meeting, "sp[oke] negatively about Plaintiff to coworkers" in a way that "created a pattern of social isolation that made Plaintiff's work environment increasingly intolerable," and which, in "[t]he absence of any legitimate performance-based justification for these actions, together with the pattern and timing of the adverse treatment, supports that Defendants' conduct was motivated at least in part by Plaintiff's race and national origin." (Compl. ¶¶ 21-22, 29, 40.) Bristol's arguments about the weakness of these allegations as presently pleaded "are well taken" but "given the heavy burden," the court finds that Bristol "ha[s] not shown fraudulent joinder here." *Snyder v. Teva Pharms. USA, Inc.*, 2020 WL 7211206, at *3 (C.D. Cal. Dec. 3, 2020); *see also Ambriz v. Charter Commc'ns, LLC*, 2025 WL 3443501, *4 (C.D. Cal. Nov. 26, 2025) ("There is a possibility that a state court could find that these statements and this conduct, made by [an individual] in a managerial role and in an intimidating manner unreasonably interfered with Plaintiff's work performance or created an intimidating, hostile, or offensive working environment as prohibited by FEHA."); *Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."). Indeed, "[e]ven if Plaintiff's current allegations are insufficient, it is possible that Plaintiff could cure any insufficiencies in [his] complaint through amendment—a possibility that has led courts to remand similar cases." *Barringer v. Wal-Mart Stores, Inc.* 2022 WL 4356106, at *3 (C.D. Cal. Sept. 19, 2022) (citing *De Peralta v. Fox Rest. Concepts, LLC*, 2018 WL 748287, at *5 (C.D. Cal. Feb. 6, 2018)).

### C. Summary and Conclusion

Based on the court's finding that Bristol has not shown by clear and convincing evidence that Plaintiff cannot possibly state a claim against Pham, the court concludes that Bristol has failed to meet the burden to show that Pham was fraudulently joined such that his California citizenship should be disregarded for purposes of establishing diversity jurisdiction. Considering Phan's California citizenship means that there is not complete diversity, that the

court lacks subject matter jurisdiction over this case, and that the case must be remanded. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (explaining that diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"); *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest.").

## IV. Disposition

For the foregoing reasons, this case is **REMANDED** to Orange County Superior Court as case number 30-2026-01569059-CU-OE-CJC.